IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-00898 –WDM-MJW

SUE A. VOLZ,

    Plaintiff,

v.

QWEST, QWEST COMMUNICATIONS,
QWEST DISABILITY SERVICES,
REED GROUP,

    Defendants.

---

## STIPULATED PROTECTIVE ORDER
( Docket no 20 )

This matter comes before the Court on the Stipulated Motion for Protective Order submitted by Plaintiff Sue A. Volz and Defendants Qwest Communications International, Inc., the Qwest Disability Plan and the Reed Group. Upon a showing of good cause in support of the entry of a protective order, to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case,

**IT IS ORDERED**

    1.    For purposes of this Order, the following terms shall have the following meanings:

        a.    "Documents" shall mean, (1) all written, printed, recorded, taped,

digitally encoded, graphic, photographic, or other information whatsoever; and (2) all copies, reproductions, summaries, translations and drafts thereof, including all copies bearing notations and marks not found on the original.

    b.    "Discovery material" shall mean (1) all documents produced in this action by any party or nonparty, whether pursuant to formal discovery or by agreement; (2) transcripts of any depositions taken in this action; (3) interrogatory answers served in this action; and (4) requests to admit and responses thereto served in this action.

    c.    "Disclose" shall mean to show, give, make available, reproduce, excerpt, summarize or otherwise reveal the contents of any documents or discovery materials or any part thereof.

    d.    "Producing party" shall mean any person (including third parties not named in this action), who produces Discovery Material in this case.

    e.    "Confidential information" shall mean information which a producing party believes in good faith to be confidential medical information, personal or personnel information, technical or business information of a proprietary nature.

2.    Any producing party or party to this action who believes that any discovery material produced in this action contains or discloses confidential information may designate and mark any such material as "confidential".

3.    Any discovery material, which is designated "confidential" by a producing party ("Confidential Discovery Material"), shall be treated as confidential in

accordance with the terms of this Order.

4. All confidential discovery material shall be used solely for the prosecution or defense of the above-titled action.

5. Any producing party or party to this action may designate any document produced in this action as confidential by stamping the document "Confidential" in a size and location which make the designation readily apparent.

6. Any party may designate deposition testimony in this action as "confidential" by advising the reporter and opposing counsel of its desire to designate the entire transcript, or any portion thereof, as "confidential".

   a. The designation may be made during the deposition. The designation must be made no later than the time allowed for signature of the transcript, or when signature is waived, within the (10) days after receipt of the transcript by designating party.

   b. The reporter shall mark the face of the designated transcript, or the designated portions of the transcript, accordingly. If less than an entire transcript is designated as confidential, those portions so designated shall be printed on separate, appropriately marked pages and separately bound.

   c. If any designated deposition is to be filed, the ~~reporter~~ *parties* shall file the transcript under seal with the Court *(consistent with D.C. Colo LCivR 7.2 And 7.3)* in an envelope marked "Confidential-Subject to Protective Order".

   d. Until the time allowed for designation has expired, all depositions

*[handwritten margin: MJW 9/1/05]*

3

shall be deemed confidential in their entirety, but thereafter only if and to the extent a party has made a timely designation of confidentiality

7. Any party may object to the designation of any discovery material as confidential by informing the producing party of the basis for the objection within ten (10) days or receiving notice of the designation. Within ten (10) days after informing the producing party, if the parties cannot resolve the dispute, the objecting party shall file and serve an objection to the designation. In the event such on objection is filed, confidentiality of the material in issue shall be preserved pending resolution of the issue by the Court

8. Confidential discovery material may be referred to in responses to interrogatories and requests for admissions, and may be used at or in depositions and marked as deposition exhibits in this action. However, no confidential discovery material shall be used for any of these purposes unless it is appropriately marked as confidential

9. Confidential material may be disclosed in or as a part of motions, briefs or other papers filed with the Court (collectively "Papers"). However, if any confidential discovery material is filed with the Court, or appended to, or disclosed in any appearance before the Court, then the portion of the Paper that discloses the contents of the confidential discovery material must be separately filed in a sealed envelope, *consistent with D.C Colo LCivR 7.2 and 7.3* marked on the outside with the caption of this action and the following statement

   **"CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER"**

   Further, an additional copy of the Paper that discloses the contents of the

4

confidential discovery material must be provided to the Court for his *in camera* review, and must be marked as "CONFIDENTIAL" in the same manner as the filed copy of said Paper. If any person fails to file protected documents or discovery material under seal, the party that designated the documents or discovery material as confidential may request that the Court place the filing under seal.

10. Except with the prior written consent of the producing party, or as otherwise set forth herein, no confidential discovery material may be disclosed to any person other than:

   a. The named parties to the action;

   b. Counsel working on this action on behalf of any party to this action, including in-house counsel who are actively engaged in the preparation of this action;

   c. Secretaries, paralegal assistants, and clerical personnel who are actively engaged in assisting counsel in preparation of this action;

   d. Deponents during the course of a deposition; and

   e. Any witnesses, provided, however, that before such person is shown or receives any information or document designated as "CONFIDENTIAL", that person must agree in writing to comply with the terms of this Order.

Counsel who receive any confidential discovery material shall be responsible for informing other members of their office of their obligations under this Order and for assuring that access to the confidential material is limited in

5

accordance with the terms of this Order.

Confidential discovery material may also be disclosed to the following additional persons, but only on the terms and conditions set forth in paragraph 12 below:

    a. Consultants and experts retained by any party to this action for the purpose of assisting in the preparation of this action or testifying at the trial of this action; and

    b. Any court reporter employed in this litigation.

12. Disclosure of confidential discovery material shall be made to the persons listed in paragraph 11 only on the following terms and conditions;

    a. Before making disclosure to any such person, counsel of record for the party making disclosure shall provide each such person with a copy of this Order, shall advise him or her that he or she is bound by it, and shall obtain a signed copy of the confidentiality agreement attached hereto as Exhibit A ("confidentiality agreement") from each such person; and

    b. Counsel for the party making disclosure shall be responsible for maintaining copies of the confidentiality agreements signed by all persons to whom that party has made disclosure.

13. Neither the provisions of this Order nor the filing of any confidential discovery material under seal shall prevent the use in proceedings before the Court, at any hearing or at trial of this action, of any discovery material that is subject to this Order. Any party desiring that hearings be held *in camera* or

that the trial or any portion thereof be closed to the public, must make a separate motion therefore.

14. Any use of confidential discovery material or the information contained therein for any other purpose and/or any disclosure of any confidential discovery material or the information contained therein to third parties that is not in compliance with the terms and conditions set forth in paragraphs 10 through 12 above, shall constitute a violation of the terms of this Order.

15. Nothing in this Order shall be construed to preclude a party from seeking additional protection of confidential information, or from otherwise seeking a modification of this Order. This Order is without prejudice to the rights of any party or nonparty to seek such additional or other relief relating to discovery as may be appropriate.

16. Third parties who are compelled to produce documents or other evidence may do so under this Protective Order by signing an acknowledgment in the form of Exhibit B attached hereto.

17. Nothing in this Protective Order shall bar or otherwise restrict any counsel for a party from rendering advice to his client with respect to the litigation, or from examining any witness, and in the course thereof, relying upon his or her examination of materials designated as confidential, provided that no disclosure of the substance of any such material shall be made except as permitted herein.

18. This Order shall remain in force and effect and shall continue to be binding on all parties and affected persons after the conclusion of this action. When this

action is concluded, all confidential discovery material and all copies thereof (other than exhibits of record) shall be returned to the producing party or destroyed, within 30 days of the conclusion of this action. All parties to this action shall certify in writing to all other parties that they have complied the terms of this paragraph within forty-five (45) days of the conclusion of this action.

DATED: September 1, 2005.

BY THE COURT

S/ Michael J Watanabe
Michael J. Watanabe
U.S. Magistrate Judge

8

**EXHIBIT A**

## CONFIDENTIALITY AGREEMENT

I, _____, HAVE READ THE Stipulated Protective Order entered by the Court in the case titled Sue A. Volz, Plaintiff v. Qwest Communications International, Inc., Qwest Disability Plan and the Reed Group, Defendants, Case No. 05-CV-00898-WDM-WJW.

I understand and agree to be bound by that Stipulated Protective Order. I also understand that, if I violate the provisions of the Stipulated Protective Order, I may be punished for such violation. I consent to the jurisdiction of the Court in that case over me for all matters relating to the enforcement of the Stipulated Protective Order.

Date: _____, 2005.

_____
Signature

_____
Name (Please Print)

STATE OF _____ )
                          )ss.
COUNTY OF _____ )

Subscribed and sworn to before me this ___ day of _____, 2005, by _____

Witness my hand and official seal.
My commission expires: _____

_____
Notary Public

9

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-00898 –WDM-MJW

SUE A. VOLZ,

      Plaintiff,

v.

QWEST, QWEST COMMUNICATIONS,
QWEST DISABILITY SERVICES,
REED GROUP,

      Defendants.

---

**ACKNOWLEDGMENT**

---

In response to a Subpoena served in the above action, documents, testimony and other things deemed confidential (hereinafter "Confidential Information") are being produced solely for use in that action. By signing this acknowledgment, _____, agrees to provide the Confidential Information subject to the terms of the Stipulated Protective Order entered in that action that will bind the parties in that action to the same extent that the parties are bound to protect other discovery material produced.

Dated: _____, 2005.      Signed: